UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CIVIL DIVISION

| | | |
|---|---|---|
| ARTHUR J TEMPESTA, | } | |
| ON BEHALF OF HIMSELF AND | } | |
| ALL OTHERS SIMILIARLY SITUATED, | } | |
| | **}** | |
| Plaintiff, | } | Civil Action, File No. |
| v | } | 2:17-cv-02495-JS-SIL |
| | } | |
| NORTHLAND GROUP, INC., | } | |
| | } | |
| Defendant. | } | |

## COMPLAINT

## DEMAND FOR TRIAL BY JURY

Plaintiff, Arthur J. Tempesta [hereinafter "Tempesta"] on behalf of himself and all others similarly situated, by and through his attorney, Mitchell L. Pashkin, Esq., complains of Defendant, Northland Group, Inc. ("Northland"), and alleges as follows:

1. This court has jurisdiction of this case pursuant to 15 U.S.C. § 1692k(d), 28 USCS § 1331, and/or pursuant to 28 USCS § 1332 (d)(2)(A).

2. Venue in this district is proper based on Northland's regular transaction of business within this district.  Venue in this district also is proper based on Northland possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency" in New York City which includes this district.  Northland also derives substantial revenue from services rendered in this district.  The aforementioned transaction of business and services includes but is not limited to the collection of debt from consumers who reside in this district.

3. Venue in this district also is proper in light of the occurrences which form the basis for this

Complaint having occurred in whole or in part in this district.

4.  Plaintiff demands a trial by jury pursuant to FRCP 38 (b).

5.  Tempesta is a natural person.

6.  Tempesta is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

7.  On or about December 7, 2015, Northland sent Tempesta the letter annexed as Exhibit A. Tempesta received and read Exhibit A.  For the reasons set forth below, Tempesta's receipt and reading of Exhibit A deprived Tempesta of his rights to not be subject to abusive, deceptive, or misleading debt collection practices.

8.  Per statements and references in Exhibit A, Northland sent Exhibit A to Tempesta in an attempt to collect a past due debt.

9.  The past due debt set forth in Exhibit A was based on Plaintiff, as an individual, being issued a credit card account by Citibank, N.A. for his individual use, individually incurring charges by using the credit card account, and then, as an individual, failing to pay for these charges. Northland, via Exhibit A, attempted to collect this past due debt from Tempesta in his individual capacity; and Exhibit A did not refer to any kind of business associated with the account with Citibank, N.A.   Based on the above, the past due debt at issue arose out of a transaction used primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. Northland is a Minnesota Domestic Corporation.

11. Based upon Exhibit A and upon Northland possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency", the principal purpose of Northland is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect,

directly or indirectly, debts owed or due or asserted to be owed or due to another.

12. On Exhibit A, Northland identifies itself as a "debt collector" attempting to collect a debt. Exhibit A contains disclosures required to be made by a "debt collector" under the FDCPA as part of a communication attempting to collect a 'debt" or in connection with the collection of a "debt".

13. Based upon the allegations in the above two paragraphs, Northland is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

## FIRST CAUSE OF ACTION-CLASS CLAIM

14. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-13 of this Complaint.

15. Exhibit A set forth a "Current Balance Due" of $10,151.77.

16. Any "Current Balance Due" resulted from an agreement between Tempesta and Citibank, N.A.; and this agreement was set forth in and formed via a contract, a set of terms and conditions, and/or account statements.

17. Pursuant to the aforementioned agreement, interest, late charges, and/or other charges continued to accrue and continued to be owed to Citibank, N.A. on any "Current Balance Due" due but unpaid to Citibank, N.A.

18. Pursuant to the aforementioned agreement, Citibank, N.A. and any assignee or successor-in-interest had a legal right at any time to collect from Tempesta the aforementioned interest, late charges, and/or other charges which had continued to accrue and continued to be owed to Citibank, N.A. on any "Current Balance Due" due but unpaid to Citibank, N.A. and any assignee or successor-in-interest.

19. The aforementioned right to collect from Tempesta the aforementioned accrued interest,

late charges, and/or other charges in addition to any "Current Balance Due" is not waived by Citibank, N.A. or any assignee or successor-in-interest as a result of a failure by either Citibank, N.A. and any assignee or successor-in-interest at any point in time to attempt to collect from Tempesta the aforementioned accrued interest, late charges, and/or other charges in addition to any "Current Balance Due".

20. On the date of Exhibit A, neither Northland nor Citibank, N.A. may have had any intention of seeking from Tempesta the aforementioned accrued interest, late charges, and/or other charges in addition to any "Current Balance Due".  However, at any time after the date of Exhibit A, Citibank, N.A. had the right to instruct Northland to seek from Tempesta the aforementioned accrued interest, late charges, and/or other charges in addition to any "Current Balance Due".  In the alternative, at any time after the date of Exhibit A, Citibank, N.A. had the right to recall Tempesta's account from Northland.  If such a recall occurred, Northlan would not know whether or not Citibank, N.A. would exercise its aforementioned right to seek from Tempesta the aforementioned accrued interest, late charges, and/or other charges in addition to any "Current Balance Due".  Also, if such a recall occurred, Northland would not know whether or not Citibank, N.A. would sell Tempesta's debt to a party who then would exercise the aforementioned right to seek from Tempesta the aforementioned accrued interest, late charges, and/or other charges in addition to any "Current Balance Due".

21. For the above reasons, at any time after the date of Exhibit A, the "Current Balance Due" from Tempesta and/or the "Current Balance Due" sought from Tempesta may have increased due to the aforementioned accrued interest, late charges, and/or other charges. However, Exhibit A failed to notify Tempesta that her "Current Balance Due" may

increase due to the aforementioned accrued interest, late charges, and/or other charges.

22. Although Exhibit A sets forth settlement options, Exhibit A failed to state clearly that Citibank, N.A. will accept payment as set forth in one of the settlement options in full satisfaction of the debt if payment is made by a specified date.

23. Although Exhibit A sets forth settlement options, Exhibit A failed to notify Tempesta that if he did not make the payments as set forth in one of the settlement options the "Current Balance Due" may increase due to interest, late charges, and/or other charges.

24. For the above reasons, as a result of one or more of the aforementioned omissions from Exhibit A, Defendant violated 15 USC § 1692e by sending Exhibit A to Tempesta.

## SECOND CAUSE OF ACTION-CLASS CLAIM

25. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-13 of this Complaint.

26. Exhibit A sets forth a "Current Balance Due" of $10,151.77.

27. Exhibit A does not set forth that the "Current Balance Due" of $10,151.77 may increase due to interest, late charges, and/or other charges.

28. Since Exhibit A does not set forth that the "Current Balance Due" of $10,151.77 may increase due to interest, late charges, and/or other charges, "the least sophisticated consumer" could read Exhibit A as meaning that the "Current Balance Due" of $10,151.77 was static and that their payment of $$10,151.77 would satisfy the debt irrespective of when the payment was remitted.

29. NY CPLR 5001(a) provides as follows:

> "Interest shall be recovered upon a sum awarded because of a breach of performance of a contract, or because of an act or omission depriving or otherwise interfering with title to, or possession or enjoyment of, property, except that in an action of an equitable nature, interest and the rate and date

from which it shall be computed shall be in the court's discretion."

30. "[A]n award of pre-decision or pre-verdict interest pursuant to CPLR 5001 on a damages award on a cause of action to recover damages in quantum meruit is mandatory, as it would be on a damages award on a cause of action to recover damages for breach of contract (*citations omitted*)".  Tesser v. Allboro Equip. Co., 904 N.Y.S.2d 701, 73 A.D.3d 1023 (N.Y. App. Div., 2010) and Lee v. Joseph E. Seagram & Sons, Inc., 592 F.2d 39, 41 (C.A.2 (N.Y.), 1979).

31. Tempesta owed this past due debt under a theory of contract or quantum meruit and therefore NY CPLR 5001 is applicable to the past due debt set forth in Exhibit A.

32. NY CPLR 5001(b) provides as follows:

> "Interest shall be computed from the earliest ascertainable date the cause of action existed…"

33. Based on the debt being undisputed and the nature of the debt and the date of default, as regards the past due debt set forth in Exhibit A, Citibank, N.A. had a guaranteed right to interest on the "Current Balance Due" of $10,151.77 from the date of Exhibit A or an earlier date.  NY CPLR 5001 (a) and (b), Tesser v. Allboro Equip. Co., 904 N.Y.S.2d 701, 73 A.D.3d 1023 (N.Y. App. Div., 2010), and Lee v. Joseph E. Seagram & Sons, Inc., 592 F.2d 39, 41 (C.A.2 (N.Y.), 1979).

34. Based on the above, the "Current Balance Due" of $10,151.77 set forth in Exhibit A was not static.  Instead, interest was in fact accruing and owed on the "Current Balance Due" of $10,151.77 set forth in Exhibit A from the date of Exhibit A or earlier than the date of Exhibit A.

35. Based on the above, at any time after the date of Exhibit A, Citibank, N.A. had the right to recall Tempesta's account from Northland; and subsequently, Citibank, N.A. could

seek the aforementioned interest that was accumulating after Exhibit A was sent but before the "Current Balance Due" of $10,151.77 set forth in Exhibit A was paid.

36. In the alternative, at any time after the date of Exhibit A, Citibank, N.A. had the right to recall Tempesta's account from Northland; and subsequently, Citibank, N.A. could have sold Tempesta's debt to a third party and based on the above such third party could seek the interest that accumulated after Exhibit A was sent but before the "Current Balance Due" of $10,151.77 set forth in Exhibit A was paid.

37. For the above reasons, at any time after the date of Exhibit A, the "Current Balance Due" from Tempesta and/or the "Current Balance Due" sought from Tempesta may have increased due to the aforementioned accrued interest.

38. Although Exhibit A sets forth settlement options, Exhibit A failed to state clearly that Citibank, N.A. will accept payment as set forth in one of the settlement options in full satisfaction of the debt if payment is made by a specified date.

39. Although Exhibit A sets forth settlement options, Exhibit A failed to notify Tempesta that if he did not make the payments as set forth in one of the settlement options the "Current Balance Due" may increase due to interest.

40. Based on the above, since Exhibit A does not set forth that the "Current Balance Due" of $10,151.77 may increase due to interest, Defendant violated 15 USC § 1692e by sending Exhibit A to Tempesta.

## THIRD CAUSE OF ACTION-CLASS CLAIM

41. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-13 of this Complaint.

42. As a result of sending Exhibit A to Tempesta, Northland violated 15 USC 1692g.

## FOURTH CAUSE OF ACTION-CLASS CLAIM

43. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-13 of this Complaint.

44. Exhibit A amounted to a false, deceptive or misleading means in connection with the collection of a debt in violation of 15 USC 1692e, 15 USC 1692e(2)(A), and 15 USC 1692e(10).

## FIFTH CAUSE OF ACTION-CLASS CLAIM

45. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-13 of this Complaint.

46. Exhibit A amounted to an unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 USC 1692f, and/or 15 USC 1692f (1).

## CLASS ALLEGATIONS

47. Plaintiff brings this action on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

48. The classes consist of:

I.    (a) all natural persons (b) who received a letter from Northland dated between December 7, 2015 and the present to collect a past due debt, (c) where, as regards the amount of the debt set forth in the letter, the letter set forth nothing beyond the current amount or balance of the alleged past due debt or nothing beyond the amount or balance the individual currently had to pay the settle the debt;

II.    (a) all natural persons (b) who received a letter from Northland dated between December 7, 2015 and the present to collect a past due debt, (c) in a form materially identical or substantially similar to Exhibit A;

III.     (a) all natural persons (b) who received a letter from Northland dated between December 7, 2015 and the present to collect a past due debt due to Citibank, N.A., (c) where, as regards the amount of the debt set forth in the letter, the letter set forth nothing beyond the current amount or balance of the past due debt or nothing beyond the amount or balance the individual currently had to pay the settle the debt; and/or

IV.     (a) all natural persons (b) who received a letter from Northland dated between December 7, 2015 and the present to collect a past due debt due to Citibank, N.A., (c) in a form materially identical or substantially similar to Exhibit A.

49. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 members.

50. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.

51. The predominant common question is whether Defendant's letters violate the FDCPA.

52. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases and class actions.

53. A class action is the superior means of adjudicating this dispute.

54. Individual cases are not economically feasible.

**WHEREFORE**, Plaintiff requests the following relief:

1.  A Judgment against Northland in favor of Plaintiff and the class members for statutory damages in an amount to be determined at trial, and costs and attorney's fees; and

2.  Any and all other relief deemed just and warranted by this court.

Dated:         July 25, 2017

/s/_____
Mitchell L. Pashkin, Esq. (MLP-9016)
Attorney For Plaintiff
775 Park Avenue, Suite 255
Huntington, NY 11743
(631) 629-7709